Tnk Chief Justice
delivered the opinion.
This was ah action of debt to which the defendant pleaded paynient, and issue was thereupon joined tb the country.
t ^ t Oh the trial of the issue, the jury found a verdict for the plaintiff, and oh the application of the defendant, the cir-cu'1 coúrt granted a pew trial, oh the ground, that one of the jurors was not a house keeper of the county, and that the fact was unknown to the defendant until after the trial, t0 which the plaintiff excepted. On the second (rial, the jur.V found a verdict for the defendant: and the plaintiff moved the court for a new trial, on the ground, that the verdict was contrary to law and evidence, but the court overruled the motion, to which the plaintiff again excepted, and a judgment having been rendered against him, he has brought the cáse to this court by writ of error.
The exception to a juror, because he is not a bouse keeper of the county, is, ho doubt, a valid ohe, and ought io be sustained when taken in proper time; but, as it is an exception which does not affect the impartiality or intelligence of the juror, it can furnish no presunción against the justice of the verdict; and it was held, in the case of Bratton against Bryan, 1 Marshall, 2l2, and in the case *331 fí Rennick against Walthal, 2 Marshall, 23, that it tvas too late to take tbe exception after a trial of the cause.
Crittenden for plaintiff.
The court, therefore, erred, in granting a new trial on the application of the defendant.
The judgment must, therefore, be reversed, and the cause remanded, that a judgment may be entered uponthe verdict rendered for the plaintiff on the first trial of the Gause.